Ryan Lee, Esq. (SBN 235879)
Nick Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd. Ste. 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
nbontrager@consumerlawcenter.com

Attorneys for Plaintiff, GAIL KELEMAN

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION

| | |
|---|---|
| GAIL KELEMAN, | ) Case No.: |
| | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| Plaintiff, | ) **JURY TRIAL** |
| | ) |
| vs. | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| NCO FINANCIAL SYSTEMS, INC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

GAIL KELEMAN (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the

following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15

   U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has

   found abundant evidence of the use of abusive, deceptive, and unfair debt collection

   practices by many debt collectors, and has determined that abusive debt collection

   practices contribute to the number of personal bankruptcies, to marital instability, to the

   loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to

- 1 -

eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1).*

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202.*

## PARTIES

8. Plaintiff is a natural person who resides in Apopka, Orange County, Florida and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3).*

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the

COMPLAINT AND DEMAND FOR JURY TRIAL

principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

### FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant constantly and continuously places collection calls to Plaintiff's cell phone at the number (407) 760-8922.

13. Defendant constantly and continuously places collection calls to Plaintiff's home phone at the number (407) 889-3642.

14. Defendant constantly and continuously places collection calls to Plaintiff's work phone at the number (407) 825-2325/2878 despite being advised that Plaintiff cannot receive such calls. Defendant also disclosed the nature and existence of the alleged debt to a third party.

15. Defendant has been making collection calls from (800) 379-5209, (888) 609-2354, and (800) 220-2274).

16. Plaintiff made payment arrangements with Defendant, however the collection calls persist on a daily basis. An agent for Defendant told Plaintiff that even though a payment arrangement had been reached, there was no way to make the harassing collection calls cease.

17. Defendant implied that they were going to be filing a lawsuit while seeking and demanding payment for an alleged consumer debt. To date, no lawsuit has been filed.

18. Defendant threatened to fax garnishment paperwork to Plaintiff's place of employment while seeking and demanding payment for an alleged consumer debt.

19. Defendant threatened to file a lawsuit while seeking and demanding payment for an

alleged consumer debt. To date, no lawsuit has been filed.

20. Defendant failed to provide Plaintiff with a thirty (30) day validation notice).

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a.   Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to state that collector is confirming or correcting location information.

    b.   Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and stating Plaintiff owes a debt.

    c.   Defendant violated *§1692b(3)* of the FDCPA contacting a third party more than once.

    d.   Defendant violated *§1692c(b)* of the FDCPA by communicating with anyone except the consumer concerning the alleged debt.

    e.   Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

    f.   Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    g.   Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

    h.   Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that is not intended to be taken.

    i.   Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

    j.   Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the

- 4 -

debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "A").

WHEREFORE, Plaintiff, GAIL KELEMAN, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

23. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

24. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

25. Actual damages,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

27. Any other relief that this Honorable Court deems appropriate.

COMPLAINT AND DEMAND FOR JURY TRIAL

1

## DEMAND FOR JURY TRIAL

2

PLEASE TAKE NOTICE that Plaintiff, GAIL KELEMAN, demands a jury trial in this

3

cause of action.

4

RESPECTFULLY SUBMITTED,

5

DATED:  February 11, 2009            KROHN & MOSS, LTD.

6

7

By:  _____/s/ Ryan Lee_____

8

Ryan Lee

Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 6 -

Case 2:09-cv-00410-GEB-DAD  Document 1  Filed 02/11/09  Page 7 of 9

1

2                    **VERIFICATION OF COMPLAINT AND CERTIFICATION**

3      STATE OF FLORIDA

4           Plaintiff, GAIL KELEMAN, states as follows:
         1.    I am the Plaintiff in this civil proceeding.
5        2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe
               that all of the facts contained in it are true, to the best of my knowledge, information
6              and belief formed after reasonable inquiry.
         3.    I believe that this civil Complaint is well grounded in fact and warranted by existing
7              law or by a good faith argument for the extension, modification or reversal of existing
               law.
8        4.    I believe that this civil Complaint is not interposed for any improper purpose, such as
               to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
9              needless increase in the cost of litigation to any Defendant(s), named in the
               Complaint.
10       5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.
         6.    Each and every exhibit I have provided to my attorneys which has been attached to
11             this Complaint is a true and correct copy of the original.
         7.    Except for clearly indicated redactions made by my attorneys where appropriate, I
12             have not altered, changed, modified or fabricated these exhibits, except that some of
               the attached exhibits may contain some of my own handwritten notations.
13
             Pursuant to 28 U.S.C. § 1746(2), I, GAIL KELEMAN,, hereby declare (or certify,
14     verify or state) under penalty of perjury that the foregoing is true and correct.

15
       DATE: / -28 -0 9
16                                                           GAIL KELEMAN,
                                                               Kelemen
17

18

19

20

21

22

23

24

25

                                             - 7 -

                                          COMPLAINT

1

2

3

4

5

6

**<u>EXHIBIT A</u>**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT AND DEMAND FOR JURY TRIAL

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness .......................................................................... YES / NO
2. Fear of answering the telephone ............................................. YES / NO
3. Nervousness ........................................................................... YES / NO
4. Fear of answering the door .................................................... YES / NO
5. Embarrassment when speaking with family or friends ........... YES / NO
6. Depressions (sad, anxious, or "empty" moods) ..................... YES / NO
7. Chest pains ............................................................................. YES   NO
8. Feelings of hopelessness, pessimism ..................................... YES   NO
9. Feelings of guilt, worthlessness, helplessness ....................... YES   NO
10. Appetite and/or weight loss or overeating and weight gain ... YES   NO
11. Thoughts of death, suicide or suicide attempts ...................... YES   NO
12. Restlessness or irritability ..................................................... YES   NO
13. Headache, nausea, chronic pain or fatigue ............................. YES   NO
14. Negative impact on my job .................................................... YES   NO
15. Negative impact on my relationships ..................................... YES   NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:_____

_____
_____
_____
_____
_____

     Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 1-28-09

              Gail Kelemen
              Signed Name

              Gail Kelemen
              Printed Name