IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL KELEMAN,<br><br>           Plaintiff,<br><br>    v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>           Defendant. | 2:09-cv-00410-GEB-DAD<br><br><u>STATUS (PRETRIAL<br>SCHEDULING) ORDER</u> |

The status (pretrial scheduling) conference scheduled for June 1, 2009, is vacated since the parties' Joint Status Report ("JSR") indicates that the following Order should issue.

<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

/ / /

## DISCOVERY

All discovery shall be completed by December 8, 2009. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s expert witness disclosure requirements on or before September 25, 2009.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be February 8, 2010, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.</u> <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

nonmovant to demonstrate a genuine issue of material fact remains for trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)   The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)   The Court committed clear error or the initial decision was manifestly unjust; or

(3)   There is an intervening change in controlling law.

A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for April 19, 2010, at 2:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trial worthy issues could be eliminated sua sponte "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle

/ / /

3

one of the parties to judgment as a matter of law." <u>Portsmouth Square v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a <u>JOINT</u> pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[3] The joint pretrial statement shall specify the issues for trial and shall estimate the length of the trial.[4] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. <u>See</u> <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

<u>TRIAL SETTING</u>

Trial shall commence at 9:00 a.m. on July 6, 2010.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause.**

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[4] **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

4

**Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated: May 21, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge